# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 25, 2010

No. 09-40915
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARIA MARICELA MARTINEZ-MENDOZA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:09-CR-514-1

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Maria Maricela Martinez-Mendoza appeals the prison sentence she received after pleading guilty, pursuant to a plea agreement, to being found illegally in the United States after having been deported. The district court granted her motion for a downward departure, finding that her criminal history score substantially overstated the seriousness of her prior criminal conduct. The court then imposed a 70-month sentence, which was at the bottom of the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

resulting guidelines range.  On appeal, she argues that this sentence is procedurally and substantively unreasonable.

Because Martinez-Mendoza raised specific objections to the sentence in the district court, our review is for abuse of discretion.  *United States v. Anderson,* 560 F.3d 275, 283-84 (5th Cir. 2009).  In determining whether the district court arrived at an appropriate sentence, we first decide whether it committed any procedural errors, including whether it failed to adequately explain the sentence. *Gall v. United States*, 552 U.S. 38, 51 (2007).  If the court's decision is procedurally sound, we then determine whether the sentence is substantively reasonable.  *Id.*  Martinez-Mendoza received a within-guidelines sentence, *see United States v. Smith,* 440 F.3d 704, 707 (5th Cir. 2006); thus, we presume that the sentence is reasonable, *see United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009), *cert. denied*, 2010 WL 637943 (Mar. 22, 2010) (No. 09-9216).

Martinez-Mendoza contends that the sentence is procedurally unreasonable because, she says, the district court did not adequately explain how it arrived at the sentence nor did it address her argument that she should receive a lower sentence because she has been diagnosed with cancer and because she has 10 children, one of whom suffers from Down Syndrome. Where, as here, the district court sentences a defendant within the guidelines range, it need not provide a lengthy explanation of the sentence.  *Rita v. United States*, 551 U.S. 338, 356 (2007).  However, where a defendant makes a nonfrivolous argument for a particular sentence, the district court will generally explain why it has rejected that argument.  *Rita*, 551 U.S. at 357.  Nonetheless, it is sufficient for a court to listen to the argument and explain that a within-guidelines sentence is appropriate.  *Id.* at 357-59.

The district court twice explained that it had taken into account the 18 U.S.C. § 3553(a) factors in selecting the appropriate sentence.  It also considered Martinez-Mendoza's request for a below-guidelines sentences.  The court had the presentence investigation report and Martinez-Mendoza's written

arguments for a lower sentence. Moreover, the sentencing transcript reveals that the district court listened to Martinez-Mendoza's arguments. When defense counsel asked the court to take into account that Martinez-Mendoza returned to the United States to care for her children, the court replied, "I do." The court recommended that Martinez-Mendoza be held at a facility where she could receive cancer treatment, which supports the conclusion that the court understood her medical needs. It also granted her request for a downward departure finding that her criminal history score overrepresented the gravity of her past conduct, which suggests that the court listened carefully to her reasons for requesting a lower sentence, but simply rejected the argument that her medical condition and family situation warranted a below-guidelines sentence. *Cf. United States v. Gomez-Herrera*, 523 F.3d 554, 564-65 (5th Cir. 2008) ((refusing to disturb the presumption of reasonableness where the defendant was motivated to illegally reenter the United States in part to see his ailing father). The district court gave a sufficient explanation for a imposing a sentence at the bottom of the guidelines range rather than a below-guidelines sentence. *Cf. United States v. Rodriguez*, 523 F.3d 519, 525-26 (5th Cir. 2008) (finding sufficient district court's explanation that a within-guidelines sentence was necessary to "'adequately address the objectives of punishment and deterrence'").

Martinez-Mendoza argues that the 70-month sentence was substantively unreasonable because, she contends, it failed to take into account her "extraordinary motivation" for returning to the United States—the needs of her child suffering from Down Syndrome. This argument, however, is insufficient to rebut the presumption that her within-guidelines sentence is reasonable. This court will not second guess the decision of district court, which acted within its discretion in declining to impose a below-guidelines sentence on the basis of Martinez-Mendoza's family circumstances. *See United States v. Cisneros-Gutierrez*, 517 F.3d 751, 767 (5th Cir. 2008); *see also Rodriguez*, 523 F.3d at 526; *Gomez-Herrera*, 523 F.3d at 565-66.

The judgment of the district court is AFFIRMED.